IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ELIZABETH A. BLACKBURN,

        Plaintiff,

v.                                                          CIVIL ACTION NO. 2:11-cv-00401

CONSUMER PORTFOLIO SERVICES, INC.,

        Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendant Consumer Portfolio Services, Inc.'s Partial Motion to Dismiss Amended Complaint [Docket 21]. For the reasons stated below, the defendant's Motion is **GRANTED** as to the plaintiff's claims for negligence and nuisance and **DENIED** as to the plaintiff's claim for intentional infliction of emotional distress.

**I.**     **Background**

    A.    *Facts*

The plaintiff, Ms. Blackburn, alleges that Consumer Portfolio Services, Inc. ("CPS") called her over 300 times from May 10, 2010, to January 2011 as part of an attempt to collect a debt. (Am. Compl. [Docket 18], ¶ 4(a).) Her Complaint claims that CPS's numerous calls were made "with the intent to annoy, harass, and oppress the Plaintiff," and she asserts that CPS called her three to four times a day while she was at work and at other inconvenient times. (*Id*.) The Complaint also alleges that CPS continued its calls after she informed it that she had retained an attorney and had requested that CPS contact her attorney. (*Id*. ¶ 4(b).) Specifically, she alleges

that CPS called her more than 180 times after she informed it that she had retained an attorney and that it called five additional times after she wrote CPS requesting that it contact her attorney. (*Id*.)

In addition, Ms. Blackburn asserts that CPS disclosed her debt to her friends and family. (*Id*. ¶ 4(c).) Finally, Ms. Blackburn asserts that CPS added illegal fees and charges to her account when it refused to accept certain payment forms and when it allegedly demanded double payments. (*Id*. ¶ 4(d).)

B.  *Procedural History*

Ms. Blackburn initiated the instant case by filing her Complaint on May 16, 2011, in the Circuit Court of Kanawha County. (Compl. [Docket 1-1].) The Complaint contains causes of action for (1) violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), (2) negligence, (3) intentional infliction of emotional distress, (4) invasion of privacy, and (5) nuisance. (*Id*.) The case was removed to this court on June 6, 2011, based on diversity jurisdiction. (Notice of Removal [Docket 1].)

On October 26, 2011, Ms. Blackburn filed an amended complaint. The defendant filed its Partial Motion to Dismiss Amended Complaint on November 9, 2011. The Motion sought dismissal of the plaintiff's claims for (1) violations of the WVCCPA,[1] (2) negligence, (3) intentional infliction of emotional distress, and (4) nuisance. This Motion is now ripe for review.

II.  **Failure to State a Claim for Which Relief Can Be Granted**

A motion to dismiss filled under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarranto v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil

Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise a claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). A complaint

---

[1] In its Reply to the Plaintiff's Response to its Partial Motion to Dismiss Amended Complaint, CPS withdrew its motion to dismiss for Ms. Blackburn's Claims under the WVCCPA. (Def.'s Reply to Pl.'s Resp. to Partial Mot.

must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III. Analysis

### A. *Negligence Claim*

The Complaint alleges that CPS was negligent because it "has a duty of care not to violate any of the laws of West Virginia in its attempt to collect a debt," and it has a duty to "properly train[] and educat[e] its employees in the ways of legally attempting to collect a debt in West Virginia." (Am. Compl. [Docket 18], ¶ 8.) CPS moves to dismiss this negligence claim because it asserts that Ms. Blackburn has not established that CPS owed her a duty of care. (Mem. Supp. Partial Mot. Dismiss Am. Compl. [Docket 22], at 6-7.) CPS argues that Ms. Blackburn has not pled facts that establish the existence of a "special relationship" between Ms. Blackburn and CPS, such that CPS owed Ms. Blackburn a duty of care. (*Id.*) Because CPS claims that Ms. Blackburn has not alleged facts establishing a duty of care, it asserts that her negligence claims must be dismissed.

In response, Ms. Blackburn alleges that there is a special relationship between CPS and her because "a lender . . . is expected to educate and train its employees not to violate any debt collection laws." (Pl.'s Resp. Opp'n Def.'s Partial Mot. Dismiss Am. Compl. [Docket 26], at 12.) She also asserts that "the actions performed by CPS are not of the regular variety that would be normally provided by a lender or servicer to a borrower." (*Id.*) Thus, she claims that she has established a "special relationship" that gave rise to a duty of care.

The WVCCPA does not preclude a plaintiff from bringing common law claims against a lender as long as the common law claims exist separate from the provisions of the statute. *See*

---

to Dismiss Am. Compl. [Docket 27], at 1 n.1.)   - 4 -

*Casillas v. Tuscarora Land Co.*, 186 W. Va. 391, 392 (1991). Accordingly, for the plaintiff's claim to survive a motion to dismiss, it must be actionable apart from the WVCCPA. To prevail on a negligence claim, "the plaintiff must prove by a preponderance of the evidence that the defendant owed a legal duty to the plaintiff and that by breaching that duty the defendant proximately caused the injuries of the plaintiff." *Daniels v. JP Morgan Chase & Co.*, No. 2:11-cv-00045, 2011 WL 2489938, at *3 (S.D. W. Va. June 21, 2011) (quoting *Strahin v. Cleavenger*, 216 W. Va. 175, 183 (2004)). The legal duty necessary to maintain an action for negligence may arise because of a special relationship between the parties, and in the context of a lender-borrower relationship, courts may determine that a special relationship exists when a lender performs services not normally provided by a lender to a borrower. *Glascock v. City Nat'l Bank of W. Va.*, 213 W. Va. 61, 66-67 (2002).

In this case, the Amended Complaint does not contain any factual allegations that suggest that a special relationship existed between CPS and Ms. Blackburn that would give rise to a duty of care, such that a court could infer that the defendant is liable for negligence apart from the WVCCPA. Instead, Ms. Blackburn is attempting to double count her claims by first alleging violations of the WVCCPA and then alleging that these violations of the WVCCPA also create a cause of action for negligence. While this court recognizes that the Federal Rules of Civil Procedure allow a plaintiff to plead negligence generally, *Iqbal* requires a Complaint contain sufficient factual matter to establish a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1949. In this case, Ms. Blackburn's Complaint does not allege that CPS provided any services that it did not provide other borrowers. She only alleges that its tactics in collecting the debt were unusual. Ms. Blackburn has failed to allege facts from which the court could reasonably infer that CPS

owed Ms. Blackburn a duty of care. Thus, the plaintiff has failed to plead a plausible claim for negligence apart from the WVCCPA because she has failed to allege sufficient facts from which a court could reasonably infer that the defendant owed her a duty of care. *See id*. Accordingly, the court **GRANTS** the defendant's Partial Motion to Dismiss Amended Complaint as to the plaintiff's negligence claim.

    B.  *Intentional Infliction of Emotional Distress*

The plaintiff's Complaint also alleges a cause of action against CPS for intentional infliction of emotional distress. CPS has moved to dismiss this claim because it asserts that the Complaint merely contains a "'formulaic recitation of the elements' of an IIED claim." (Def.'s Mem. Supp. Partial Mot. to Dismiss Am. Compl. [Docket 22], at 9.)

The West Virginia Supreme Court of Appeals ("WVSCA") recited the elements of an intentional infliction of emotional distress ("IIED") claim in *Travis v. Alcon Laboratories, Inc.*, stating:

> The four elements of the tort can be summarized as: (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

202 W. Va. 369, 375 (1998). In this case, the court **FINDS** that the plaintiff has stated sufficient facts such that the Amended Complaint is not a "formulaic recitation of the elements of a cause of action." Specifically, the Complaint details what conduct of the defendant Ms. Blackburn believes was "extreme and outrageous." (Compl. [Docket 18], ¶ 15.) Accordingly, the court

**DENIES** the defendant's Partial Motion to Dismiss Amended Complaint as to the plaintiff's intentional infliction of emotional distress claim.

    C.    *Nuisance*

Finally, the plaintiff's Complaint alleges a cause of action for nuisance. CPS seeks the dismissal of this claim pursuant to Rule 12(b)(6), claiming that Ms. Blackburn failed to state a claim for nuisance because the allegations in the Complaint "do not involve CPS's use of its own property in a manner that interferes with Plaintiff's use and enjoyment of her property." (Def.'s Mem. Supp. Partial Mot. to Dismiss Am. Compl. [Docket 22], at 9.) Specifically, CPS alleges that nuisance requires "unreasonable land use," and CPS's alleged actions in this case are related to CPS's conduct and not to its use of land. (*Id*. 9-10.) Thus, CPS argues that Ms. Blackburn has failed to allege facts sufficient to establish a cause of action for nuisance.

In response, Ms. Blackburn emphasizes that CPS called Ms. Blackburn over 300 times and that these calls substantially interfered with Ms. Blackburn's ability to use her land. (Pl.'s Resp. to Def.'s Partial Mot. to Dismiss Am. Compl. [Docket 26], at 17.) The plaintiff claims that it is reasonable to assume that the defendant was making such phone calls from its place of business. (*Id*.) Additionally, the plaintiff asserts that CPS had threatened to enter onto Ms. Blackburn's land to repossess her car. (*Id*.)

The WVSCA has stated that nuisance "is generally 'applied to that class of wrongs which arises from the unreasonable, unwarrantable or unlawful use by a person of his own property and produces such material annoyance, inconvenience, discomfort, or hurt that the law will presume a consequent damage.'" *Booker v. Foose*, 216 W. Va. 727, 730 (2005) (quoting *Harless v. Workman*, 145 W. Va. 479, 483 (1960)). In other words, "nuisance is the unreasonable, unusual,

or unnatural use of one's property so that it substantially impairs the right of another to peacefully enjoy his or her property." *Id*. (quoting 58 AM. JUR. 2d § 2 (2002)). However, the WVSCA has recognized that nuisance "is a flexible area of the law that is adaptable to a wide variety of factual situations." *Id*. (quoting *Sharon Steel Corp. v. City of Fairmont*, 334 S.E.2d 616, 621 (1985)).

In *Booker v. Foose*, the WVSCA affirmed a grant of summary judgment for the defendant on a nuisance claim. *Id*. at 731. That case involved allegations by the plaintiffs that the defendant called Child Protective Services to make false abuse allegations, videotaped the plaintiffs' actions, and trespassed onto the plaintiffs' land. *Id*. at 728. The plaintiffs brought a nuisance claim against the defendant neighbor. In analyzing the claim, the WVSCA found that plaintiff's allegations concerned the defendant's conduct, not the use of land, and thus the plaintiff failed to establish the elements of a nuisance claim. *Id*. at 730.

Similarly, Ms. Blackburn has failed to allege facts that establish that CPS engaged in "unreasonable, unwarrantable or unlawful use" of its land. *See id*. The factual allegations in the Amended Complaint concern CPS's conduct in collecting the debt, not its use of its land. *See id*. Ms. Blackburn has failed to allege that CPS used its land in a way that "substantially impaired" her "right to use and enjoy" her land. *See id*. at 731. Thus, Ms. Blackburn has failed to allege facts that allow the court to reasonably infer that CPS is liable for nuisance. Accordingly, the court **GRANTS** the defendant's Partial Motion to Dismiss Amended Complaint as to the plaintiff's nuisance claim.

**IV.** **Conclusion**

For the reasons stated above, the court **GRANTS** the defendant's Partial Motion to Dismiss Amended Complaint as to the plaintiff's claims for negligence and nuisance. The court **DENIES** the defendant's Partial Motion to Dismiss Amended Complaint as to the plaintiff's claim for intentional infliction of emotional distress. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 14, 2012

Joseph R. Goodwin, Chief Judge